UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL THOMAS ROGENSKI, | ) | CASE NO. 4:21-cv-01847 |
| Plaintiff, | ) ) ) | JUDGE DAVID A. RUIZ |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

Plaintiff Michael Rogenski filed his Complaint (R. 1) on September 28, 2021, challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits. Pursuant to Local Rule 72.2, the case was referred to a magistrate judge. Magistrate Judge Knapp issued her Report and Recommendation (R&R) on December 14, 2022, recommending the Court affirm the Commissioner's decision. (R. 16). Plaintiff filed an objection to the R&R within the fourteen-day deadline, and the Commissioner filed a response. (R. 17; R. 18).

For the reasons set forth below, Plaintiff's objection (R. 17) is OVERRULED and the R&R (R. 16) is ADOPTED.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

The Commissioner's conclusions must be affirmed absent a determination that the administrative law judge's (ALJ) decision failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard . . . presupposes that there is a *zone of*

*choice* within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (emphasis added).

## II. Analysis

### A. Background

Plaintiff's Brief on the Merits set forth the following assignment of error: the ALJ's decision was "unsupported by substantial evidence as the ALJ failed to properly consider the opinion of treating psychiatrist, Dr. Steven A. King, M.D." (R. 12, PageID# 704). Specifically, Plaintiff contends that the residual functional capacity (RFC) that the ALJ assessed was unsupported by substantial evidence because the ALJ failed to adequately explain why Dr. King's opinion was unpersuasive. (*Id.*, PageID# 704).

### B. Objection

Plaintiff's sole objection to the R&R is that the Magistrate Judge's reasoning was flawed when she evaluated the ALJ's assessment of Dr. King's medical opinion. (R. 17, PageID# 761). Ultimately, Plaintiff simply disagrees with the Magistrate Judge's determination that the ALJ properly assessed Dr. King's opinion, and merely raises the same arguments that he made in his Brief on the Merits. (*Compare* R. 17, *with* R. 12).

The heart of Plaintiff's argument is that despite Dr. King's opinion that Plaintiff had "extreme" limitations related to his mental capabilities, the ALJ found Dr. King's opinion unpersuasive without providing adequate justification for that conclusion. (R. 8, PageID# 68; R. 12, PageID# 706; R. 17, PageID# 761–762). In his Brief on the Merits, Plaintiff lists several examples of Dr. King's assessment of Plaintiff that the ALJ allegedly failed to consider when the ALJ determined that Dr. King's opinion was unpersuasive. (R. 12, PageID# 705–709). According to Plaintiff, the ALJ specifically failed to properly consider the supportability and

consistency of Dr. King's opinion, as required by the applicable regulations. *See* 20 C.F.R. § 404.1520c(b)(2), (c); (R. 12, PageID# 706).

The R&R, however, carefully considered the ALJ's opinion and addressed each of Plaintiff's arguments. The R&R noted that although the paragraph wherein the ALJ concluded that Dr. King's opinion was unpersuasive did not itself contain a detailed discussion of Dr. King's specific medical findings, that evidence was discussed in sufficient detail elsewhere in the decision. (R. 16, PageID# 751–758; R. 8, PageID# 64, 67–68). These discussions, the R&R concluded, constituted substantial evidence for the ALJ's conclusion that Dr. King's opinion lacked supportability and consistency. (R. 16, PageID# 752–759). As a result, the R&R deemed Plaintiff's assignment of error as meritless. (*Id.*, PageID# 758–759).

As mentioned above, Plaintiff's objection to the R&R reiterates the arguments that he presented in his Brief on the Merits. As a result, Plaintiff has failed to lodge anything more than a general objection to the R&R, so the Court applies a clear error standard of review and finds none—after a careful review of the R&R. Moreover, the Court emphasizes that the R&R correctly found that the ALJ's discussion of Dr. King's treatment records, when considering the ALJ's entire decision, was sufficient to satisfy the ALJ's supportability and consistency analyses. (R. 16, PageID# 751–753, 755–756). As the Sixth Circuit has held, a reviewing court reads an ALJ's decision as a whole and the ALJ is not required to "reproduce the list of . . . treatment records" multiple times when "explain[ing] why [a treating source's] opinion was inconsistent with [the] record." *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (finding no need to require the ALJ to "spell out every fact a second time"). Simply put, there is no reversible error where the ALJ merely did not discuss medical evidence pointing to the lack of supportability and consistency of Dr. King's

4

opinion in the specific paragraph in which the ALJ concluded that provider's opinion was unpersuasive, because as the R&R correctly determined the ALJ included and properly analyzed that information in her decision.

### III. Conclusion

The Court has reviewed the Report and Recommendation, according to the above-referenced standard, and agrees with the findings set forth therein. In addition, the Court has considered and overruled Plaintiff's objection (R. 17), for the foregoing reasons. Therefore, the Magistrate Judge's Report and Recommendation (R. 16) is hereby ADOPTED, and the Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 15, 2023